

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-28-2008

# McAdams v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1655

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"McAdams v. USA" (2008). *2008 Decisions*. Paper 321.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/321

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-1655

ISABELLE MCADAMS, Individually and as
Executrix of the Estate of Nate McAdams,

Appellant

v.

UNITED STATES OF AMERICA; JOHN DOES 1 - 5
(Fictitious Name as Maintenance); I/J/S/A

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 05-cv-06331)
Magistrate Judge: Hon. Charles B. Smith

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 21, 2008

BEFORE: SMITH and  COWEN , Circuit Judges
and THOMPSON*, District Judge

(Filed: October 28, 2008)

OPINION

*Honorable Anne E. Thompson, Senior United States District Judge for the District of
New Jersey, sitting by designation.

COWEN, Circuit Judge.

Appellant, Isabella McAdams, individually and as the Executrix of the Estate of Nace McAdams, her late husband, appeals three evidentiary rulings made during the trial of her Federal Tort Claims Act claim. She argues that she is entitled to a new trial because the court committed reversible error in excluding evidence and abused its discretion in denying her a negative inference. Because we find neither error, nor abuse of discretion, we will affirm the judgment of the District Court.

## I. BACKGROUND

On December 10, 2003, McAdams fell on the marble floor in the lobby of the Veteran's Administration Medical Center ("VAMC") located at Woodland Avenue in Philadelphia. The fall broke McAdams hip. At the time, McAdams was 71 years old, and a physically active individual. The accident occurred while McAdams was accompanying her husband to a biopsy appointment.

McAdams crossed the VAMC's lobby three times on December 10. Upon her arrival, she walked, without incident, across the lobby, to the bank of elevators. Later, she returned to the ground floor in an elevator and walked across the lobby to the hospital's pharmacy. McAdams slipped as she stepped out of the elevator, and then again as she crossed the lobby from the elevators to the pharmacy. She did not fall as a result of either these occurrences. After waiting for a prescription to be filled, McAdams and her husband left the pharmacy and headed across the lobby. As McAdams was crossing near

2

an information desk, she slipped and fell to the ground.

McAdams filed a complaint in the District Court for the Eastern District of Pennsylvania which sought recovery for her injuries from the VAMC under the Federal Tort Claims Act. On the consent of the parties, the matter was referred to a Magistrate Judge for trial.

At trial, McAdams described the events of December 10, 2003, and the medical care that she received. Her explanation for why she fell when crossing the VAMC's lobby was that "the floor was obviously slippery." (Appellant's App. Vol. 2 at 27.) She stated that she did not recall anything unusual about the condition of the floor as she was more concerned with picking herself up than conducting an investigation. McAdams also testified that when she was taken for x-rays in the VAMC, an employee said to her that the first floor was "like a skating rink." (Appellant's App. Vol. 2 at 29.) The Government objected and moved to strike on the grounds that the statement was hearsay.

At the close of the plaintiff's case, McAdams's attorney moved for his remaining exhibits to be entered into evidence. The Government objected to the admission of a letter from the Regional Counsel for the Department of Veterans Affairs. The Magistrate Judge declined to accept it into evidence. McAdams's attorney also brought to the Magistrate Judge's attention that in its answers to McAdams's discovery requests for records or information on the maintenance of the floors in the VAMC's lobby, the Government had responded that no such documents existed. Counsel argued that the

testimony of William Rucker, the chief of the environment care section for the VAMC, suggested that internal maintenance records are kept, and if located, might identify who had been assigned to the hospital lobby on December 10, 2003.

The Magistrate Judge ruled that McAdams had failed to prove that the VAMC had breached a duty owed to her as a business invitee since there was no evidence of the existence of a dangerous condition, of which the VAMC either was, or should have been, aware; nor was there any evidence to show that the VAMC had either actual or constructive notice of the lobby floor being slippery. The court also declined to grant McAdams a negative inference for spoliation of evidence.

The District Court entered judgment for the Government. We have jurisdiction pursuant to 28 U.S.C. § 1291.

## II. ANALYSIS

We review the decision to admit or exclude evidence, as well as the decision to grant or deny an evidentiary inference, for abuse of discretion. Marra v. Phila. Hous. Auth., 497 F.3d 286, 297 (3d Cir. 2007); Hechinger Inv. Co. of Del. v. Universal Forest Prods., 489 F.3d 568, 574 (3d Cir. 2007). The interpretation of the Federal Rules of Evidence, however, receives plenary review. Marra, 497 F.3d at 297.

### A. Vicarious Admissions

McAdams argues that the statement of the VAMC employee, that the first floor was like a skating rink, was admissible as the statement of a party opponent under Rule

4

801(d)(2)(D) of the Federal Rules of Evidence.[1]  It is not clear, however, whether the Magistrate Judge ever ruled on the admissibility of this statement.[2]  Even if it is assumed that the Magistrate Judge excluded the statement as hearsay, there was no abuse of discretion.

For Rule 801(d)(2)(D) to apply, the statement must concern a matter within the scope of the declarant's agency or employment.  See Blackburn v. United Parcel Serv., Inc., 179 F.3d 81, 97 (3d Cir. 1999).  McAdams presented no evidence that the x-ray technician was responsible for the condition or maintenance of the hospital floors.  Nor did McAdams provide any other basis for concluding that the state of the floors was a matter within the scope of an x-ray technician's employment.  From the perspective of Rule 801(d)(2)(D), there is no difference between the x-ray technician who says that the lobby floor is like a skating rink and another patient in the hospital who voices the same opinion—both statements would constitute inadmissible hearsay.[3]

McAdams also argues in a footnote that the statement is admissible under Rule

---

[1] Rule 801(d)(2)(D) provides that a statement is not hearsay if it is offered against the party and was made "by the party's agent or servant concerning a matter within the scope of the agency or employment . . . during the existence of the relationship."

[2] At two points during trial, the Government objected on hearsay grounds to the admission of the statement.  Both times, the Magistrate Judge considered the parties' arguments, but did not rule.

[3] The Magistrate Judge recognized that the statement was beyond the scope of the x-ray technician's employment; he did not, as McAdams maintains, suggest that the statement was inadmissible under Rule 801(d)(2)(C).

801(d)(2)(C) because the VAMC's fall reduction program authorizes all employees to investigate and report falls that occur in the hospital.[4] The x-ray technician's statement, however, was not made in the context of an investigation of McAdams's fall, and no other basis for the x-ray technician's authorization to speak on the condition of the floors was provided.

Finally, McAdams argues that even if the x-ray technician's statement was inadmissible for its truth, it should nevertheless have been admitted to establish notice to the VAMC that the lobby floor was slippery. The Magistrate Judge ruled that there was no way of knowing when the last time the x-ray technician had walked across the hospital lobby and found it slippery. (Appellant's App. Vol. 2 at 30, 114.) We find no abuse of discretion by the Magistrate Judge in excluding the statement.

### B. Relevance

McAdams argues that the Magistrate Judge erred in excluding a letter that she received from the Department of Veterans Affairs' Regional Counsel. The letter stated that when a third party is found to be liable for an injury, which required the United States to provide hospitalization or other medical care, the United States is entitled to recover the cost of that care from the third party. McAdams argues that the letter is evidence of the VAMC's belief that a third party was responsible for her injury. At a minimum,

---

[4] Rule 801(d)(2)(C) provides that a statement is not hearsay if the statement is offered against a party and was made "by a person authorized by the party to make a statement concerning the subject."

McAdams submits that the letter suggests that some internal investigation regarding her accident had been conducted.

We find no abuse of discretion in the Magistrate Judge's decision to exclude the letter. Following the proffer, the court expressed its opinion that the letter lacked relevance.[5] In explaining that the letter was merely saying that if McAdams did find a liable third party, then the VAMC expected reimbursement for the services that it provided, the Magistrate Judge implicitly found that the letter had no bearing on the case. Consequently, we perceive no error in the decision to exclude the letter.[6]

### C. Spoliation Inference

Finally, McAdams argues that the Government's failure to produce internal records or reports, which the trial testimony suggested may, or at least should, have been available, entitled her to an adverse negative inference for spoliation of evidence. An adverse negative inference is an extreme remedy. Although the court was troubled by the Government's failure to maintain or provide records and reports which may have lead to the discovery of additional witnesses, it concluded that the conduct did not rise to the

---

[5] Rule 402 of the Federal Rules of Evidence states that "[e]vidence which is not relevant is not admissible." Rule 401 defines relevant evidence as anything that has the "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

[6] McAdams argues that the letter from the VA's Regional Counsel was admissible under Rule 801(d)(2) as the statement of a party opponent. However, the letter's lack of relevance ends the admissibility inquiry. That the statements in the letter may be covered by a hearsay exception has no bearing on the threshold determination of relevance.

7

level of spoliation of evidence. The Magistrate Judge found that blame for the loss of evidence was shared by McAdams, who could have taken additional steps to obtain the identity of potential witnesses. We conclude that the court did not abuse its discretion in declining to grant an adverse negative inference.

## III. CONCLUSION

For the reasons set forth above, the judgment of the District Court will be affirmed.